**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Plaintiff,

-vs.-

FAIGMAY HOLDINGS LLC, 702-704 EAGLE ASSOCIATES LLC, YOSEF GRUNWALD, YOEL GRUNWALD, the NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, APPROVED OIL CO. OF BROOKLYN, INC., ISRAEL LICHTENSTEIN and JOHN DOE #1 THROUGH JOHN DOE #15, inclusive, the names of the last fifteen defendants being fictitious, the true names of said defendants being unknown to plaintiff, it being intended to designate any occupants or tenants of the mortgaged premises who are in default in the payment of rent for which a proceeding is now pending by the mortgagor and/or other persons or parties having or claiming an interest in or lien upon the mortgaged premises subordinate to that of the mortgagee, if the aforesaid individual defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributees, executors, administrators, trustees, committees, devisees, legatees and the assignees, lienors, creditors, successors in interest of them, and generally all persons having or claiming under, by, through or against the said defendants named as a class, any right, title or interest in or lien upon the premises described in the complaint herein,

Defendants.

No. 1:25-cv-07442-AS

**SECOND AMENDED JUDGMENT OF FORECLOSURE AND SALE**

Upon all of the papers and pleadings filed in this action, including the Summons and Complaint filed on September 8, 2025, the Notice of Pendency filed in the N.Y. County Clerk's Office on September 9, 2025, and the Amended Complaint filed on October 7, 2025; upon the Certificate of Default as to the New York City Environmental Control Board (the "NYCECB") and Approved Oil Co. of Brooklyn, Inc. ("Approved Oil") entered by the Clerk of this Court on December 12, 2025; upon the Stipulation of Settlement and Consent to Foreclosure, filed on March 31, 2026 (the "Settlement Stipulation"), among Plaintiff Federal National Mortgage Association ("Plaintiff") and Defendants Faigmay Holdings LLC, 702-704 Eagle Associates LLC, Yosef Grunwald, and Yoel Grunwald (collectively, the "Faigmay Defendants"); and upon Plaintiff's motion for a Default Judgment as to the NYCECB and Approved Oil filed on March 26, 2026, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2 (the "Motion"); it is hereby:

**ORDERED**, that a judgment of foreclosure and sale is hereby granted to Plaintiff, and against Defendants Faigmay Holdings LLC and 702-704 Eagle Associates LLC (the "Borrowers") and Yosef Grunwald and Yoel Grunwald (the "Guarantors") and the NYCECB and Approved Oil (together with the Faigmay Defendants, the "Defendants"); and it is further

**ORDERED**, that a default judgment for the relief requested in the Amended Complaint is hereby granted to the Plaintiff and against the NYCECB and Approved Oil; and it is further

**ORDERED**, that the total amount due to Plaintiff by the Borrowers under the Loan Documents as of February 28, 2026 is $2,504,993.47 (the "Indebtedness"); and it is further

**ORDERED,** that the liens against the mortgaged premises commonly known as 702-704 Eagle Avenue, Bronx, New York 10455 (collectively, the "Property") set forth in the Amended

Complaint and Motion held by the NYCECB and Approved Oil are junior to Plaintiff's mortgage lien on the Property in whole or in part; and it is further

**ORDERED,** that the Property as described in the Amended Complaint and in Schedule "A" annexed hereto, together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, all as more fully set forth in the aforementioned mortgage, shall be sold within ninety days of the date of the judgment, at a public auction at the United States Courthouse, 500 Pearl Street, New York, NY 10037 by and under the direction of Ian Lagowitz with an address and contact information of 24 Church Street, Montclair, New Jersey 07042 who is hereby appointed "Sale Referee" for that purpose; and that the Sale Referee give public notice of the time and place of such sale according to law and practice of this Court and section 231 of the New York Real Property Actions and Proceedings Law; and it is further

**ORDERED** that the Sale Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record (the "Purchaser"), and shall require that the successful bidder(s) immediately execute terms of sale for the purchase of the Property, and pay to the Sale Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

**ORDERED** that in the event the first successful bidder fails to execute the terms of sale immediately following the bidding upon the Property or fails to immediately pay the ten percent (10%) deposit as required, the Property shall immediately and on the same day be reoffered at auction; and it is further

**ORDERED** that the Sale Referee shall then deposit the down payment and proceeds of sale, as necessary, in an FDIC insured bank (the "Depository") in their own name as the Sale Referee; and it is further

**ORDERED** that the closing of title shall be had no more than thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that, at closing of title, the Sale Referee shall determine which portion of the Indebtedness, if any, is junior to any lien of the NYCECB or Approved Oil, and make payment accordingly notwithstanding the payment waterfall set forth herein; and it is further

**ORDERED** that, at closing of title, the Sale Referee shall execute to the Purchaser(s) a deed of the Property sold in exchange for receipt of the proceeds of the sale; and it is further

**ORDERED** that the Sale Referee shall then deposit the balance of the proceeds of sale in their own name as Sale Referee in the Depository, and make the following payments:

FIRST. To the Sale Referee, the sum of $750.00 for their fees.

SECOND. All taxes, assessments, sewer rents or water rates which are, or may become, liens on the Property at the time of sale, with such interest or penalties which may have lawfully accrued to the date of payment;

THIRD. To Plaintiff or the Sale Referee, as appropriate, the expenses of the sale and the advertising expenses as shown on the bills presented to the Sale Referee and certified by them to be correct, duplicate copies of which shall be annexed to the report of sale.

FOURTH To Plaintiff, the amount of the Indebtedness set forth *supra*, this being the amount due and owing to the Plaintiff under the loan documents governing Plaintiff's mortgage loan as of February 28, 2026, together with (i) all additional funds expended, advanced, or otherwise paid by Plaintiff for the benefit of the Property and/or in connection with the foreclosure

thereof from March 1, 2026 through the date of sale as may be demonstrated to the Sale Referee at the outset of the sale by way of receipts, affidavit or other similar evidence, including, but not limited to, any advances for payment of taxes or insurance, or advances to the Court-appointed Receiver; (ii) all additional reasonable attorneys' fees and costs incurred by the Plaintiff in enforcing its mortgage securing the Property, as well as the interest accruing at the default rate, from March 1, 2026 through the date of the sale as may be demonstrated to the Sale Referee at the outset of the sale by way of receipts, affidavit or other similar evidence; or as much as the purchase money of the Property will cover.

FIFTH. To the extent of any surplus remaining after the payment of the foregoing sums, to all entities holding any valid lien junior in priority to the underlying mortgage (including the NYCECB and Approved Oil), the value of those liens.

SIXTH. If the Sale Referee intends to apply for a further allowance for their fees, an application shall be made to this Court therefor and the Sale Referee shall be paid any additional amount awarded by this Court out of the surplus monies arising from the sale; and it is further;

**ORDERED**, that surplus monies remaining after payment of the amounts FIRST through SIXTH, if any, shall be withdrawn only on the order of this Court; and it is further

**ORDERED**, that in the event that the Plaintiff or a governmental agency thereof is the purchaser of the Property at said sale, or in the event that the rights of the Purchaser(s) at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the Sale Referee or their duly appointed designee, the Sale Referee shall not require Plaintiff to pay in cash the amount bid at the sale, but shall execute and deliver to Plaintiff a deed of the Property sold upon either (i) payment to the Sale Referee of the amounts specified above as "FIRST," "SECOND," and

"THIRD," *supra*, or (ii) filing with the Sale Referee receipts showing the payment thereof; that if there shall be a surplus over and above the amounts due to Plaintiff specified as "FOURTH" *supra*, then Plaintiff shall pay to the Sale Referee, upon delivery to Plaintiff of the Sale Referee's deed, the amount of such surplus; that the Sale Referee, on receiving this surplus from Plaintiff, shall pay to all other entities (including the NYCECB and Approved Oil) holding any valid lien junior in priority to the underlying mortgage, the value of those liens, and shall then deposit the balance with the Depository; and it is further

**ORDERED**, that all expenses of recording the Sale Referee's deed, including real property transfer tax, which is not a lien upon the Property at the time of sale, shall be paid by the Purchaser(s), not by the Sale Referee from sale proceeds, and that any transfer tax shall be paid in accordance with section 1404 of the New York Tax Law; and it is further

**ORDERED**, that the Sale Referee or their duly appointed designee shall make reports of such sales and shall file them with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Sale Referee or their duly appointed designee shall specify the amount of such deficiency in their report of sale, and the Plaintiff shall recover from the Faigmay Defendants the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the Property and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED,** that each and all of the Defendants, and all the persons claiming under them, after filing of the notice of the pendency of this action, be and hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in the Property and each and every party thereof; and it is further

**ORDERED,** that the Property is to be sold in "as is" physical order and condition, subject to any state of facts that an inspection of the Property would disclose, any state of facts that an accurate survey of the Property would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the Property is located and possible violations of same; any rights of tenants or person in possession of the Property; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law.

A description of the Property is annexed hereto and made a part hereof as Schedule "A".

Dated: New York, New York
October 15, 2026

The Honorable Arun Subramanian
United States District Judge

# SCHEDULE A
# DESCRIPTION

## The Property

The Property is located at 702-704 Eagle Avenue, Bronx, New York 10455 and is more particularly described as follows:

**PARCEL I:**

ALL that certain plot piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Eagle Avenue distant 200 feet southerly from the corner formed by the intersection of the southerly side of 156th Street and the said easterly side of Eagle Avenue;

RUNNING THENCE easterly parallel with the southerly side of 156th Street 115.03 (115 Tax Map) feet;

THENCE southerly parallel with said easterly side of Eagle Avenue 25 feet;

THENCE westerly parallel with the southerly side of 156th Street 115.03 (115 Tax Map) feet to said easterly side of Eagle Avenue;

THENCE northerly along the said easterly side of Eagle Avenue 25 feet to the point of place of BEGINNING.

**PARCEL II:**

ALL that certain plot piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Eagle Avenue distant 175 feet southerly from the southeasterly corner of Eagle Avenue and 156th Street

RUNNING THENCE easterly parallel with 156th Street 115 feet;

THENCE southerly parallel of Eagle Avenue 25 feet;

THENCE westerly parallel with the 156th Street 115 feet to said easterly side of Eagle Avenue;

THENCE northerly along the said easterly side of Eagle Avenue 25 feet to the point or place of BEGINNING.